OPINION OF THE COURT
Hancock, Jr., J.
The question in this personal injury action is whether Labor Law § 240 (1) applies to the particular activity in which plaintiff was injured. Plaintiff was • employed by third-party defendant King Insulation Company which had contracted to remove and repair insulation covering pipes on the roof of defendant’s power plant. The pipes were in a recessed area which ran the entire length of the roof. In the center of this recess was a trough, 18 to 36 inches wide and 12 inches deep, carrying a stream of hot oil, 4 to 5 inches in depth. As *512 plaintiff was about to step across this trough, he slipped and fell backward causing his right foot and ankle to become immersed in the oil. For reasons which follow, we hold that the accident was not covered by section 240 (1).
I
At the close of the evidence in the jury trial, plaintiff moved for a directed verdict on the issue of liability upon the ground that defendant had violated section 240 (1) in failing to provide required safety devices and that under that section his culpable conduct, if any, could not be considered. The court denied this motion and also refused plaintiff’s request that it submit the case to the jury as being covered by section 240 (1). Instead, the court submitted the case under section 241 (6) which places upon owners and contractors the duty of providing reasonable and adequate protection and safety to persons working on the job. Under section 241 (6) — as contrasted with section 240 (1) — culpable conduct of the injured person is relevant. Accordingly, the jury considered plaintiff’s comparative fault and returned a verdict apportioning 10% of the fault for the accident to defendant and 90% to plaintiff. Plaintiff’s damages were thus reduced by 90%. On plaintiff’s appeal to the Appellate Division, that court held that the trial court had properly submitted the case to the jury as being governed by section 241 (6) rather than section 240 (1), as plaintiff had requested. The Appellate Division unanimously affirmed the judgment insofar as it reflected the reduction in plaintiff’s award and modified in other respects (167 AD2d 524).* We granted plaintiff leave to appeal and now affirm.
II
Section 240 (1) of the Labor Law, entitled "Scaffolding and other devices for use of employees”, requires that all contractors and owners "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed” *513 (emphasis added). The legislative purpose behind this enactment is to protect "workers by placing 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor’ (1969 NY Legis Ann, at 407), instead of on workers, who 'are scarcely in a position to protect themselves from accident’ (Koenig v Patrick Constr. Co., 298 NY 313, 318)” (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520).
It is settled that section 240 (1) " 'is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed’. (See Quigley v. Thatcher, 207 N. Y. 66, 68.)” (Koenig v Patrick Constr. Corp., 298 NY 313, 319.) Thus, we have interpreted the section as imposing absolute liability for a breach which has proximately caused an injury. Negligence, if any, of the injured worker is of no consequence (see, Bland v Manocherian, 66 NY2d 452, 459-461; Zimmer v Chemung County Performing Arts, supra, at 521; Koenig v Patrick Constr. Corp., supra). In furtherance of this same legislative purpose of protecting workers "against the known hazards of the occupation” (Koenig v Patrick Constr. Corp., supra, at 319), we have determined that the duty under section 240 (1) is nondelegable and that an owner is liable for a violation of the section even though the job was performed by an independent contractor over which it exercised no supervision or control (see, Haimes v New York Tel. Co., 46 NY2d 132, 136-137).
This appeal turns on a question that we have not yet fully addressed: the nature of those occupational hazards which the Legislature intended should warrant the absolute protection that the statute affords. Manifestly, a violation of the statute cannot "establish liability if the statute is intended to protect against a particular hazard, and a hazard of a different kind is the occasion of the injury” (DeHaen v Rockwood Sprinkler Co., 258 NY 350, 353). To ascertain the sort of risk contemplated by section 240 (1), we look first to the statutory wording (see, Price v Price, 69 NY2d 8, 15). While section 240 (1) does not purport to specify the hazards to be avoided, it does specify protective means for the hazards’ avoidance. The types of devices which the statute prescribes "shall be so constructed, placed and operated” (emphasis added) as to avoid the contemplated hazards are: "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices” (id.). Some of the enumerated devices (e.g., "scaffolding” *514 and "ladders”), it is evident, are for the use or protection of persons in gaining access to or working at sites where elevation poses a risk. Other listed devices (e.g., "hoists”, "blocks”, "braces”, "irons”, and "stays”) are used as well for lifting or securing loads and materials employed in the work.
The various tasks in which these devices are customarily needed or employed share a common characteristic. All entail a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured. The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured. It is because of the special hazards in having to work in these circumstances, we believe, that the Legislature has seen fit to give the worker the exceptional protection that section 240 (1) provides. Consistent with this statutory purpose we have applied section 240 (1) in circumstances where there are risks related to elevation differentials (see, e.g., Bland v Manocherian, 66 NY2d 452, supra; Zimmer v Chemung County Performing Arts, 65 NY2d 513, supra; Izrailev v Ficarra Furniture, 70 NY2d 813; Koenig v Patrick Constr. Corp., supra; Haimes v New York Tel. Co., supra). In cases such as these, the proper "erection”, "construction”, "placement” or "operation” of one or more devices of the sort listed in section 240 (1) would allegedly have prevented the injury (see also, DeHaen v Rockwood Sprinkler Co., supra, at 354).
Ill
In the case before us, the question is whether the circumstances surrounding plaintiff’s work subjected him to the sort of risk which section 240 (1) was intended to obviate. Plaintiff contends that there was some elevation-related risk inherent in having to work near the 12-inch trough and that "a slip and fall, be it only a matter of inches, into a highly caustic substance such as heated industrial oil should * * * be deemed within section 240(l)’s embrace”. We disagree. While the extent of the elevation differential may not necessarily determine the existence of an elevation-related risk, it is difficult to imagine how plaintiff’s proximity to the 12-inch *515 trough could have entailed an elevation-related risk which called for any of the protective devices of the types listed in section 240 (1).
Plaintiff urges, nevertheless — assuming that we conclude that the hazard he faced was not elevation-related — that we should adopt a construction of section 240 (1) which focuses "upon the degree rather than the type of hazard” involved. He maintains that the case should have been submitted to the jury under section 240 (1) because the trough carrying the hot oil through the slippery, oil-covered area where he was required to walk presented a particularly dangerous condition. He argues that the "fluid approach [he would have us adopt] comports * * * with the statutory purpose of protecting workers in 'dangerous employment’ ” and is consistent with the legislative history of section 240 (1). Again, we disagree.
Plaintiff’s proposed construction conflicts with the thrust of section 240 (1) in mandating devices having a specific purpose: the protection against risks due in some way to relative differences in elevation. Moreover, as defendant points out, adopting plaintiff’s "degree of hazard” interpretation would have the effect of making Labor Law § 241 (6) — the general provision requiring owners and contractors to provide safe working conditions — virtually useless. Cases involving injuries due to allegedly dangerous working conditions, such as plaintiff’s — which are now governed by section 241 (6) — would properly be brought under the far more stringent provisions of section 240 (1) where absolute liability could result. It is an accepted rule that all parts of a statute are intended to be given effect and that a statutory construction which renders one part meaningless should be avoided (see, Matter of Albano v Kirby, 36 NY2d 526, 530).
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order affirmed, with costs.

 The modification consisted of a reversal of the defendant’s recovery in its third-party action against King Insulation Company and a dismissal of the third-party complaint. Defendant has not cross-appealed.