■ JOHN DORR, Respondent, v GENERAL ELECTRIC COMPANY, Defendant and Third-Party Plaintiff-Appellant. NEW ENGLAND INSULATION COMPANY, INC. et al., Third-Party Defendants-Respondents-Appellants. [652 NYS2d 845] —Casey, J. Appeal from an order of the Supreme Court (Best, J.), entered October 4, 1995 in Montgomery County, which, *inter alia*, denied defendant's and third-party defendants' motions for summary judgment dismissing the complaint.

Plaintiff, an employee of third-party defendant New England Insulation Company, Inc., commenced this action to recover damages for injuries he sustained while working for his employer at a site owned by defendant. Plaintiff's complaint alleges violations of Labor Law §§ 200, 240 and 241. Defendant commenced a third-party action against, among others, plaintiff's employer, seeking common-law contribution or indemnification and contractual indemnification. After issue

was joined and discovery had been conducted, defendant and the employer moved for summary judgment dismissing the complaint. Supreme Court denied the motions, resulting in this appeal by defendant and the employer.

On the day of his injury, plaintiff was assigned to work on a tower or stack at the owner's plant. He apparently climbed the permanent stairs which encircled the tower to a landing about 80 feet above the ground. To reach his worksite, plaintiff had to stand on scaffolding that had been erected about one foot below the permanent railing on the landing. He began to climb over the permanent railing but slipped and fell back onto the landing, injuring his back. Plaintiff claims that the area where he slipped was wet and that he had previously seen steam or mist coming from the nearby towers. Although plaintiff fell at a height, he did not fall from one elevation level to a lower level and his injuries were not the result of the type of elevation-related risk encompassed by Labor Law § 240 (1) (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). The complaint should, therefore, be dismissed insofar as it alleges a violation of Labor Law § 240.

We reach a similar conclusion regarding plaintiff's claim based on Labor Law § 241. Despite plaintiff's argument to the contrary, plaintiff has alleged nothing more than a violation of the Industrial Code regulations that reiterate general common-law safety standards, which is insufficient to establish a violation of the nondelegable duty imposed by Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505; *Wensley v Argonox Constr. Corp.*, 228 AD2d 823, 825, *lv dismissed* 89 NY2d 861).

With regard to Labor Law § 200, plaintiff contends that defendant breached its duty to provide a safe place to work because the wet surface on which he slipped was a dangerous condition. It is well settled that when the alleged dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200 (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). Here, however, there is no evidence in the record that the dangerous condition—the wet, slippery railing that was apparently part of the permanent structure—arose out of the contractor's methods. To the contrary, plaintiff claims that the wetness resulted from the mist or steam produced by defendant's operation and emitted from its towers. Defendant contends that the claim is pure speculation, but based upon the evidence in the record we cannot say that the

inference upon which plaintiff relies is unreasonable as a matter of law.

Plaintiff's employer contends that the wet condition was "open and obvious" and, therefore, defendant had no duty to protect him from such a readily observable condition. Labor Law § 200 does not impose a duty "upon an owner 'to secure the safety of his servant against a condition, or even defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience of the servant' " (*Gasper v Ford Motor Co.*, 13 NY2d 104, 110, quoting *McLean v Studebaker Bros. Co. of N. Y.*, 221 NY 475, 478). We are of the view that in the circumstances of this case a question of fact exists on the issue of whether the dangerous condition created by the wetness was readily observable.

Having found a question of fact on the issue of whether defendant caused or created the dangerous condition, we conclude that Supreme Court correctly denied defendant's motion for summary judgment on its claim for common-law indemnification against plaintiff's employer (*see, Szopinski v MJ Mech. Servs.*, 217 AD2d 906, 907, *appeals dismissed* 87 NY2d 861), and we reach the same conclusion regarding defendant's claim for contractual indemnification (*see, Dawson v Pavarini Constr. Co.*, 228 AD2d 466, 468).

White, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions regarding that part of the complaint alleging violations of Labor Law §§ 240 and 241; motions granted to that extent, partial summary judgment awarded to defendant and third-party defendants and said claims dismissed; and, as so modified, affirmed.