■ PHILIP R. FRANCIS, Appellant, v ALUMINUM COMPANY OF AMERICA, Respondent, and CIVES CORPORATION, Defendant and Third-Party Plaintiff-Respondent. BROWNELL STEEL, INC., et al.,

---

Third-Party Defendants-Respondents. [659 NYS2d 903] —Spain, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered June 11, 1996 in Franklin County, which, *inter alia*, granted motions by defendants and third-party defendants for summary judgment dismissing the complaint.

At all times herein relevant plaintiff was employed as a journeyman ironworker by third-party defendant Brownell Steel, Inc. Brownell contracted with defendant Cives Corporation, who in turn had been hired as a general contractor by the owner of the premises, defendant Aluminum Company of America (hereinafter ALCOA). On December 15, 1992 plaintiff and a co-worker were assigned the duty of unloading large flatbed trucks loaded with structural steel; the steel was being used for the erection of an iron ore facility on ALCOA's property. Plaintiff, while in the process of removing layers of steel from a flatbed truck, slipped and fell into a gap to the surface of the flatbed truck as he walked on the $3^1/2$ to 4-foot-high load of snow-covered steel; he sustained serious injuries.

Plaintiff commenced the instant action alleging that the injuries were the result of violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendants answered and Cives commenced a third-party action against third-party defendants for, *inter alia*, contribution and indemnification. Thereafter, Brownell moved for summary judgment seeking dismissal of plaintiff's complaint and third-party defendant PDH Trucking Company, Inc. moved for summary judgment seeking dismissal of the third-party complaint. Cives and ALCOA each cross-moved for summary judgment dismissing plaintiff's complaint. Plaintiff opposed the motions and cross-moved for summary judgment against defendants on his Labor Law § 240 (1) cause of action. Supreme Court, finding that plaintiff was not injured from a fall from an elevated worksite as contemplated by the statute, dismissed plaintiff's Labor Law § 240 (1) cause of action. The court further found that many of the regulations cited in plaintiff's complaint were not specific standards of conduct necessary to sustain a Labor Law § 241 (6) cause of action or were inapplicable to the facts at bar and dismissed that cause of action; notably, plaintiff withdrew his Labor Law § 200 cause of action. Plaintiff appeals.

We affirm. The purpose of Labor Law § 240 (1) is to protect workers by placing the "ultimate responsibility" for worksite safety upon the owner and general contractors, instead of on the workers themselves (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513). Clearly, this section imposes absolute liability

on owners, contractors and their agents for any breach of the statutory duty which has proximately caused injury (*see, id.*). However, the statute is not all encompassing; rather, it covers only those hazards "related to the effects of gravity where protective devices are called for * * * because of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514, *supra*). Here, plaintiff's injuries, as revealed by his own deposition testimony and affidavit, occurred when he slipped and fell from the 3¹/₂ to 4-foot-high load of steel beams he was unloading to the surface of the flatbed truck. In our view, the facts presented herein reveal that plaintiff's injuries "were not the result of the type of elevation-related risk encompassed by Labor Law § 240 (1)" (*Dorr v General Elec. Co.*, 235 AD2d 883, 884; *see, White v Sperry Supply & Warehouse*, 225 AD2d 130, 132). Slipping and falling from the steel beams upon which plaintiff was standing does not constitute an elevation-related risk within the parameters of Labor Law § 240 (1) (*see, e.g., Basile v ICF Kaiser Engrs. Corp.*, 227 AD2d 959; *Charles v City of New York*, 227 AD2d 429, 430, *lv denied* 88 NY2d 815; *Mitchell v County of Jefferson*, 226 AD2d 1109) because plaintiff's injuries occurred at the same level as his worksite.

We also conclude that Supreme Court properly dismissed plaintiff's Labor Law § 241 (6) cause of action.* Regulations which set forth general standards as opposed to "concrete specifications" will not support a Labor Law § 241 (6) cause of action (*Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 501-505; *Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841, 842). Furthermore, even if a given regulation sets forth a " 'concrete specification' ", the regulation must be applicable to the set of facts presented (*McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877, 878; *Knudsen v Pentzien, Inc.*, 209 AD2d 909, 911). Although 12 NYCRR 23-1.7 (d), which provides for protection from slipping hazards, is specific enough to support a Labor Law § 241 (6) cause of action (*see, Ramski v Zappia Enters.*, 229 AD2d 990; *Ciraolo v Melville Ct. Assocs.*, 221 AD2d 582, 583), we agree with Supreme Court that the regulation is inapplicable to the circumstances presented herein because the load of steel beams from which plaintiff fell did not constitute a floor, passageway or elevated area as set forth in the regulation (*see,* 12 NYCRR 23-1.7 [d]; *Basile v ICF Kaiser Engrs. Corp.*, *supra*,

---

* Although plaintiff cited other regulations in his complaint, he only argues the applicability of 12 NYCRR 23-1.7 (d). Any arguments with respect to the other regulations are therefore deemed abandoned (*see, D'Argenio v Village of Homer*, 202 AD2d 883, 884).

at 959; *McGrath v Lake Tree Vil. Assocs.*, *supra*, at 878; *Stairs v State St. Assocs.*, 206 AD2d 817, 818).

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.