■ DANIEL HATCHER, Appellant-Respondent, v OGDEN MARTIN SYSTEMS OF BABYLON, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. ALLIED HYDRO-BLASTERS, INC., Third-Party Defendant. [694 NYS2d 474] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 24, 1998, as denied his motion for partial summary judgment on the issue of liability on the cause of action to recover damages under Labor Law § 240 (1), and the defendants cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the cause of action to recover damages under Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and that branch of the cross motion which was for summary judgment dismissing the cause of action to recover damages under Labor Law § 240 (1) is granted; and it is further,

Ordered that the defendants are awarded one bill of costs, payable by the plaintiff.

The plaintiff was injured when hot ash fell on him while he was removing ash build-up from the inside of a "hopper" at the defendants' recycling facility. The plaintiff commenced this action against the defendant Town of Babylon, the owner of the recycling plant, and the defendant Ogden Martin Systems of Babylon, Inc., the operator of the plant, seeking damages, *inter alia,* under Labor Law § 240. The plaintiff then moved for summary judgment on the issue of liability under Labor Law § 240 (1) and the defendants cross-moved for summary judgment dismissing, *inter alia*, the Labor Law § 240 (1) cause of action. The Supreme Court denied the motion and cross motion.

We find that Labor Law § 240 (1) does not apply to the facts of this case and, accordingly, the defendants' cross motion should have been granted. The plaintiff's injury was not the result of a gravity-related hazard (*see*, Labor Law § 240 [1]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.