■ DENNIS R. GRANT, Respondent, v RECONSTRUCTION HOME, INC., et al., Defendants and Third-Party Plaintiffs. CMK CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant. [699 NYS2d 193] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Rose, J.), entered January 8, 1999 in Broome County, which, *inter alia,* granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff, a roofer employed by third-party defendant, was injured while working on a building owned by defendant Reconstruction Home, Inc. At the time of the accident, plaintiff was standing on the roof of a dormer window attempting to remove the protective plastic covering from a portion of the adjacent peaked roof. According to plaintiff, as he stepped off the dormer roof onto the wet surface of the peaked roof he fell backward onto the dormer roof, injuring his left buttock. Following this impact, plaintiff either slid down the valley of the peaked roof or fell from the edge of the dormer roof to a flat portion of the roof located in front of the dormer window.

Plaintiff thereafter commenced this action against defendants asserting violations of Labor Law §§ 200, 240 (1) and § 241 (6) and defendants, in turn, commenced a third-party action against plaintiff's employer seeking indemnification and/or contribution. Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Defendants opposed and cross-moved for summary judgment dismissing the complaint and, alternatively, for indemnification by third-party defendant. Supreme Court granted plaintiff's motion and defendants' cross motion for indemnification, prompting this appeal by third-party defendant.

Application of Labor Law § 240 (1) is limited to injuries occasioned by elevation-related hazards "where protective devices are called for * * * because of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see, Francis v Aluminum Co.*, 240 AD2d 985, 986). Here, plaintiff testified that his injuries occurred when he fell on the dormer roof and that, although he ultimately ended up on the flat roof several feet below, he did not recall feeling any portion of his body strike the flat roof. Since plaintiff's fall on the dormer roof occurred at the same level as his work site, and in the absence of proof that any of plaintiff's injuries were attributable to the elevation differential between his work site and the lower level of the flat roof, plaintiff's injury cannot be said to have resulted from the type of elevation-related risk envisioned by Labor Law § 240 (1) (*see, Francis v Aluminum Co., supra; White v Sperry Supply & Warehouse*, 225 AD2d 130). Having searched the record and discerned no basis for imposing liability pursuant to Labor Law § 240 (1), we exercise our authority to grant defendants' cross motion for summary judgment with respect to plaintiff's claim under that statute (*see, Douglass v Rental Props.*, 248 AD2d 863, n).

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and cross motion granted to the extent that defendants are awarded summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action.