■ THOMAS R. CUNDY, Respondent, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Defendant and Third-Party Plaintiff-Appellant. HIGGINS ERECTORS & HAULERS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [710 NYS2d 162] —Mugglin, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered July 1, 1999 in Tioga County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action.

Following a workplace accident, plaintiff commenced this action to recover damages for his injuries, alleging causes of action based on negligence and Labor Law §§ 200, 240 (1) and § 241 (6). Defendant, the owner of the work site, commenced a third-party action against, among others, plaintiff's employer (hereinafter third-party defendant). After issue was joined and discovery conducted, defendant and third-party defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment on the issue of defendant's liability on the Labor Law § 240 (1) claim. Supreme Court granted summary judgment to defendant and third-party defendant dismissing all causes of action except the Labor Law § 240 (1) claim and granted partial summary judgment to plaintiff on the issue of defendant's liability on that claim. Defendant and third-party defendant appeal.

Defendant and third-party defendant contend that plaintiff was not exposed to the special elevation risks contemplated by Labor Law § 240 (1). We agree. Plaintiff and a co-worker were working on a large, 20-foot diameter ring gear to prepare it for installation at the work site. The work, which was performed at floor level with the gear laid flat on wooden beams, required access to the ring from its open center and from its outside

circumference. In moving from the center of the ring gear to work on the outer surface, plaintiff used one of the wooden beams to step up on the surface of the gear, from which he intended to descend in the same manner, but he slipped on the surface of the ring and fell backward approximately three feet to the floor.

The hazards contemplated by Labor Law § 240 (1) "are those related to the effects of gravity where protective devices are called for * * * because of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Where, as here, the worker's fall occurred at the same level as his work site, the injury cannot be said to have resulted from the type of elevation-related risk contemplated by the statute (*see, Grant v Reconstruction Home*, 267 AD2d 555; *Francis v Aluminum Co.*, 240 AD2d 985). In his attempt to move from the center of the ring gear to the outside, plaintiff "was exposed to the usual and ordinary dangers of a construction site, and not the extraordinary risks envisioned by Labor Law § 240 (1)" (*Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841; *see, Colon v Lehrer, McGovern & Bovis*, 259 AD2d 417; *Farmer v City of Niagara Falls*, 249 AD2d 922).

In our view, this case is indistinguishable in any meaningful way from *Francis v Aluminum Co.* (*supra*) where we concluded that Labor Law § 240 (1) was inapplicable to a worker who slipped and fell from a 3-½ to 4-foot high load of steel beams to the surface of the flatbed truck he was loading. Here, as in *Francis*, there is no elevation-related risk since plaintiff fell to the surface where he had been standing to perform the work. The case of *Curley v Gateway Communications* (250 AD2d 888) is distinguishable since there the plaintiff fell from the work surface to the ground.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendant and third-party defendant Higgins Erectors & Haulers, Inc., by reversing so much thereof as denied the motions of defendant and third-party defendant Higgins Erectors & Haulers Inc. for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action and granted plaintiff's cross motion for partial summary judgment on the issue of liability on said cause of action; cross motion denied, motions granted to that extent and summary judgment awarded to defendant and third-party defendant Higgins Erectors & Haulers Inc. dismissing plaintiff's Labor Law § 240 (1) cause of action; and, as so modified, affirmed.