OPINION OF THE COURT
 

 Smith, J.
 

 The issue in this case is whether plaintiff’s accident was covered under Labor Law § 240 (1). We agree with the courts below that it was.
 

 Defendant Hillcrest Heights Development Corporation retained plaintiffs employer, Sahlem’s Roofing & Siding, Inc.,
 
 *976
 
 to perform work on the roofs of newly built homes. According to plaintiffs pretrial testimony, on the day of the accident, he was instructed to lay felt (a material used for insulation) and shingles on the roof of a house under construction. As plaintiff was walking along the ridge (where both sides of the roof converge) with a roll of felt on his shoulder, his left foot slipped on the side of the roof covered with frost, his body twisted and his groin hit against the ridge. As his body twisted, plaintiff heard
 
 “a
 
 loud crack” from his back. Plaintiff slid 15 to 20 feet down the roof to the eaves, the lower border of the roof, where several protruding nails snagged his pants, preventing him from falling to the ground. After plaintiff made his way down, he began vomiting and his legs became numb. A coworker drove plaintiff to a bar where he was placed on a table, after which he called his parents who took him to a hospital.
 

 It is undisputed that plaintiff was not provided with any safety devices. Earlier on the day of the accident, on his way to another work site, plaintiff had passed the Hillcrest site and noticed that there were toe boards, which create a “runway to load the roof.” At the time of the accident, the toe boards were no longer present. In the other work site, scaffolding and roof brackets were made available.
 

 Plaintiff commenced this action, arguing that defendant was liable for his injuries under Labor Law § 240 (1) (“Scaffolding and other devices for use of employees”) which states:
 

 “[a] 11 contractors and owners and their agents * * * in the erection * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
 

 Defendant in turn commenced a third-party action against Sahlem’s, seeking common-law indemnification.
 

 Supreme Court granted plaintiff’s motion for partial summary judgment as to liability under Labor Law § 240 (1), finding that “in the instant case, involving as it does a sloped roof, this court believes that the risk of slipping and falling while working upon that slope is more certainly related to the direct application of gravity, pulling the worker from the elevation differential between the ridge of the roof to its eave, than if he were merely standing on a flat roof. It is for this reason that
 
 *977
 
 roof brackets and/or toe boards (crawling boards), etc., are required by 12 NYCRR 23-1.24 (a) and (b).” (175 Mise 2d 698, 700 [1998].) The court also granted defendant a conditional judgment on its common-law indemnification claim against Sahlem’s, which did not appeal the ruling against it, and assumed the defense of this action. The Appellate Division affirmed over the dissent of two Justices, who believed that “[p]laintifFs slide down the roof, rather than off the roof, is not the type of hazard that Labor Law § 240 (1) was designed to protect against” (266 AD2d 809, 810 [1999] [citations omitted]).
 
 *
 
 We now affirm.
 

 Labor Law § 240 (1) imposes absolute liability on owners, contractors and agents for their failure to provide workers with safety devices that properly protect against elevation-related special hazards. Breach of the statutory duty must be the proximate cause of the injury. The statute is to be interpreted liberally to accomplish its purpose
 
 (Rocovich v Consolidated Edison Co.,
 
 78 NY2d 509, 512-514 [1991]).
 

 The fact that a worker is injured while working above ground does not ipso facto mean that the injury resulted from an elevation-related risk contemplated by section 240 (1) of the Labor Law. We made this clear in
 
 Rocovich
 
 and in
 
 Ross v Curtis-Palmer Hydro-Elec. Co.
 
 (81 NY2d 494 [1993]). In
 
 Rocovich,
 
 the plaintiff was walking on a roof when he slipped and his foot became immersed in a trough carrying hot oil. In finding that the accident was not covered by section 240 (1), we noted that “it is difficult to imagine how plaintiff’s proximity to the 12-inch trough could have entailed an elevation-related risk which called for any of the protective devices of the types listed in section 240 (1)” (78 NY2d at 514-515).
 

 In
 
 Ross
 
 the plaintiff developed a back injury from welding in an awkward position while lying on a platform. The plaintiff had requested a ladder, which was not provided. We explained that
 

 “[t]he ‘special hazards’ to which we referred in
 
 Rocovich
 
 * * * do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, the ‘special hazards’ referred to are limited to such specific gravity-related accidents as falling from a height or being
 
 *978
 
 struck by a falling object that was improperly hoisted or inadequately secured. * * * In other words, Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person”
 
 (id.
 
 at 501 [emphasis omitted]).
 

 Since the scaffold effectively prevented plaintiff from falling down, it fulfilled the obligation of section 240 (1).
 

 Contrary to defendant’s contention,
 
 Rocovich
 
 and
 
 Ross
 
 are not controlling in this case. The simple fact is that plaintiff was subject to an elevation-related risk. He fell from the top of the roof all the way down to the eaves, a distance of about 15 to 20 feet. Safety devices could have protected him from falling as he did. Defendant does not dispute that under 12 NYCRR 23-1.4, plaintiff should have been provided with roofing brackets, crawling boards or safety belts. The application of section 240 (1) does not hinge on whether the worker actually hit the ground. This argument, accepted by the dissent below, represents an overly strict interpretation of section 240 (1). It would exclude from section 240 (1) workers who succumb to elevation-related risks but, for whatever reason, do not make it to the ground. For instance, a window washer who is injured when a scaffold drops 20 floors but stops before hitting the ground would not be covered.
 

 In short, plaintiff was subject to an elevation-related risk while working on this particular roof, and he was not provided with any safety devices. In addition, the failure to provide any safety devices was a proximate cause of plaintiff’s injuries. He was within the protective ambit of Labor Law § 240 (1).
 

 Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Ciparick, Rosenblatt, Graffeo and Read concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.
 

 *
 

 The issue of damages was tried before a jury, which awarded plaintiff damages.