■ PAUL MILLIGAN, Respondent, v ALLIED BUILDERS, INC., et al., Appellants. [824 NYS2d 524]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 10, 2006 in a personal injury action. The order, insofar as appealed from, denied that part of defendants' motion for partial summary judgment dismissing the Labor Law § 240 (1) claim.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, that part of the motion with respect to the Labor Law § 240 (1) claim is granted and that claim is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries incurred when he tripped over the uneven planking of a scaffold and fell to one knee. It is undisputed that plaintiff did not fall from the scaffold. Supreme Court erred in denying that part of defendants' motion for partial summary judgment dismissing plaintiff's Labor Law § 240 (1) claim. Defendants met their initial burden on the motion by establishing that plaintiff was not injured while falling from, or attempting to prevent himself from falling from, the scaffold (cf. Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974 [2003]; Franklin v Dormitory Auth. of State of N.Y., 291 AD2d 854 [2002]; Ray v Niagara Mohawk Power Corp., 256 AD2d 1070, 1071 [1998]; Adams v North-Star Constr. Co., 249 AD2d 1001 [1998]; Brown v Niagara Mohawk Power Corp., 188 AD2d 1014 [1992]). In opposition, plaintiff failed to raise a triable issue of fact. Present—Hurlbutt, A.P.J., Scudder, Gorski and Smith, JJ.