■ KEVIN FAVREAU, Respondent, v BARNETT AND BARNETT, LLC, Appellant. [849 NYS2d 691]—

Carpinello, J. Appeal from an order of the Supreme Court (McGill, J.), entered January 3, 2007 in Clinton County, which

partially denied defendant's motion for summary judgment dismissing the complaint.

This Labor Law action stems from an accident that plaintiff allegedly had in February 2001 in the course of his employment with a general contractor on a commercial building project. According to plaintiff, on the date of the alleged accident, he was in the process of installing a firewall between defendant's office building and a newly-constructed addition. While walking backwards up the roof of the existing building carrying one end of a piece of sheetrock (a coworker was carrying the other end), he stepped on ice a few feet below the roof's peak and fell backwards. He landed right where he fell without falling off the roof or sliding downward in any way. Indeed, according to his testimony, "[his] head and part of [his] shoulders were *above* the peak" (emphasis added) after he fell. At issue on appeal is that part of an order of Supreme Court denying defendant's motion for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action.

While summary judgment was properly denied with respect to plaintiff's Labor Law § 241 (6) cause of action, his accident was not covered under Labor Law § 240 (1) and defendant was, therefore, entitled to summary judgment on this claim. It is well established that an accident on an elevated work site does not alone establish a Labor Law § 240 (1) cause of action (*see e.g. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289 [2003]; *Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]). Rather, the statute " 'was designed to prevent those types of accidents in which [a] scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm *directly flowing from the application of the force of gravity* to an object or person' " (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d at 978, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

Here, plaintiff's alleged injury did not flow from the application of the force of gravity. He was not injured as the result of falling off or sliding down the slope of the roof, or attempting to prevent himself from doing so (*see Milligan v Allied Bldrs., Inc.*, 34 AD3d 1268 [2006]; *Grant v Reconstruction Home*, 267 AD2d 555 [1999], *appeal dismissed* 95 NY2d 831 [2000], *lv dismissed* 95 NY2d 825 [2000]; *Dorr v General Elec. Co.*, 235 AD2d 883 [1997]; *compare Striegel v Hillcrest Hgts. Dev. Corp., supra*; *D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107 [2002]). Rather, he was injured because he slipped and fell on ice, an accident that was in no way attributable to an elevation differential and could have happened at ground level (*see Grant*

*v Reconstruction Home, supra; Dorr v General Elec. Co., supra; White v Sperry Supply & Warehouse*, 225 AD2d 130 [1996]). In other words, the hazard of slipping and falling on ice, even on top of a roof, does not entail a "risk[ ] due in some way to relative differences in elevation" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 515 [1991]; *see e.g. Cundy v New York State Elec. & Gas Corp.*, 273 AD2d 743 [2000], *lv denied* 95 NY2d 766 [2000]; *Francis v Aluminum Co. of Am.*, 240 AD2d 985 [1997]; *Dorr v General Elec. Co., supra*). Under these circumstances, we find no basis for imposing liability pursuant to Labor Law § 240 (1) and, therefore, this claim should have been dismissed (*see Milligan v Allied Bldrs., Inc., supra; Cundy v New York State Elec. & Gas Corp., supra; Grant v Reconstruction Home, supra; Francis v Aluminum Co. of Am., supra; White v Sperry Supply & Warehouse, supra*).

As a final matter, defendant's proof that it was "impossible" for plaintiff to have been performing the claimed task on the day in question was sufficiently refuted by plaintiff's evidence such that a jury must decide this issue.

Cardona, P.J., and Spain, J., concur.

Lahtinen, J. (concurring in part and dissenting in part). We respectfully dissent from that portion of the majority's decision that dismisses the Labor Law § 240 (1) cause of action. Here, as in *Striegel v Hillcrest Hgts. Dev. Corp.* (100 NY2d 974 [2003]), plaintiff was working on a sloped roof when he slipped on ice on the roof, fell, and allegedly sustained injuries. Working on a sloped roof implicates a recognized gravity-related risk and there are specific safety devices designed to address that risk (*see id.* at 978; *see also Toefer v Long Is. R.R.*, 4 NY3d 399, 406 [2005] [the risks intended to be protected by Labor Law § 240 (1) "can be inferred from the 'protective means' set forth in the statute"]). Both here and in *Striegel* no safety devices were provided. The plaintiff in *Striegel*—unlike here—also slid part way down the roof, but his injuries had ostensibly occurred in the initial fall and not the subsequent slide (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d at 976). We are not persuaded that the benign slide—the only apparent element missing in this case that was present in *Striegel*—serves as an essential element without which the Labor Law § 240 (1) cause of action must fail. In *Striegel*, the Court of Appeals concluded by stating: "In short, plaintiff was subject to an elevation-related risk while working on this particular roof, and he was not provided with any safety devices. In addition, the failure to provide any safety devices was a proximate cause of plaintiff's injuries. He was within the protective ambit of Labor Law § 240 (1)" (*id.* at

978). The same can be said of plaintiff in the current case. Accordingly, we would affirm Supreme Court's order.

Peters, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion dismissing the Labor Law § 240 (1) cause of action; motion granted to that extent, summary judgment awarded to defendant and said cause of action dismissed; and, as so modified, affirmed.