■ Jonothon Auchampaugh, Respondent, v Syracuse University et al., Appellants, et al., Defendants. (And a Third-Party Action.) [870 NYS2d 564]—

Mercure, J.P. 

Plaintiff was injured while working on a platform attached to the smokestacks of a steam cogeneration facility owned by defendant Project Orange Associates, L.P. on land leased from defendant Syracuse University (hereinafter collectively referred to as the University defendants). The platform was located several feet above the rooftop of the facility and accessible by an attached ladder and hinged trapdoor built into the platform. According to plaintiff, he was working on the platform when he stepped backward and tripped over the trapdoor, which he had left lying open on the platform. He then fell, struck his left elbow on the platform, and his head and shoulders went into the open hatchway. Plaintiff claims that he prevented himself from falling through the opening by grabbing the ladder with his right hand.

Plaintiff thereafter commenced this action asserting violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue, defendants General Electric International, Inc. and G.E. Contractual Services, Inc. (hereinafter collectively referred to as GE) and the University defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on liability. Supreme Court denied plaintiff's cross motion and partially granted the motions of the University defendants and GE by dismissing plaintiff's claim as to Labor Law § 200 only. The University defendants and GE appeal, and we now modify by dismissing the complaint in its entirety.

The hazards contemplated by Labor Law § 240 (1) involve those "related to the effects of gravity where protective devices are called for . . . because of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *accord Grant*

*v Reconstruction Home*, 267 AD2d 555, 556 [1999], *appeal dismissed* 95 NY2d 831 [2000], *lv dismissed* 95 NY2d 825 [2000]). It is well settled that "[t]he fact that a worker is injured while working above ground does not ipso facto mean that the injury resulted from an elevation-related risk contemplated by [the statute]" (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]; *see Favreau v Barnett & Barnett, LLC*, 47 AD3d 996, 997 [2008]). Indeed, "[n]o Labor Law § 240 (1) liability exists where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first place" (*Cohen v Memorial Sloan-Kettering Cancer Ctr.*, 11 NY3d 823, 825 [2008]; *see Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

Here, plaintiff tripped and fell over the edge of the trapdoor and injured his elbow on the platform where he had been working. While plaintiff maintains that the fall also caused his head and shoulders to hang down through the open hatchway, he testified that he never fell through the opening and there is no evidence that this contributed to his injury. Accordingly, inasmuch as plaintiff's injury was not related to the effects of gravity and could have happened at ground level, his claims asserted pursuant to Labor Law § 240 (1) should have been dismissed (*see Favreau v Barnett & Barnett, LLC*, 47 AD3d at 998; *Milligan v Allied Bldrs., Inc.*, 34 AD3d 1268, 1268 [2006]; *Cundy v New York State Elec. & Gas Corp.*, 273 AD2d 743, 744 [2000], *lv denied* 95 NY2d 766 [2000]; *Grant v Reconstruction Home*, 267 AD2d at 556; *Dorr v General Elec. Co.*, 235 AD2d 883, 884 [1997]).

Turning to plaintiff's remaining cause of action, "a claim asserted under Labor Law § 241 (6) must refer to a violation of a specific standard established by the Commissioner of Labor, and there must be proof that the violation of such provision was [a] proximate cause of any claimed injury" (*Shields v General Elec. Co.*, 3 AD3d 715, 718 [2004]; *see Atkinson v State of New York*, 49 AD3d 988, 989-990 [2008]; *Albert v Williams Lubricants, Inc.*, 35 AD3d 1115, 1117 [2006]). Here, in support of his section 241 (6) claim, plaintiff relies on alleged violations of 12 NYCRR 23-1.7 (b) (1), which regulates the treatment of hazardous openings, and 12 NYCRR 23-1.16, which sets forth the rules regarding the use of safety harnesses. Inasmuch as there is no proof that any alleged violations of these regulations proximately caused plaintiff's injury, which resulted solely from his tripping on and falling to the platform where he was working, his claim in this regard also should have been dismissed (*see Albert v Wil-*

*liams Lubricants, Inc.*, 35 AD3d at 1117; *Trippi v Main-Huron, LLC*, 28 AD3d 1069, 1070 [2006]).

Spain, Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied the motions of defendants Syracuse University, Project Orange Associates, L.P., General Electric International, Inc. and G.E. Contractual Services, Inc.; motions granted in their entirety, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.