■ DALE RIGBY, Respondent-Appellant, v THE BRISKY FAMILY LIMITED PARTNERSHIP et al., Appellants-Respondents. [883 NYS2d 673]—

Appeal and cross appeal from an order of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered March 21, 2008 in a personal injury action. The order denied plaintiff's motion for partial summary judgment and defendants' cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the cross motion in part and dismissing the common-law negligence and Labor Law §§ 200 and 240 (1) causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while working on an elevated surface. Plaintiff was positioned on top of a plate 16 feet above the ground and was guiding a mono truss into place as it was being lifted by a forklift with an extended boom. The forklift operator lifted the truss upward when plaintiff alerted him to the fact that plaintiff had accidentally set the truss on top of one of his fingers. Plaintiff held onto the truss with his right hand and, when the truss lifted upward and outward, he strained a muscle in his groin.

Supreme Court denied plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) and § 241 (6) causes of action and defendants' cross motion for summary judgment dismissing the complaint. As plaintiff correctly concedes, however, the court erred in denying those parts of the cross motion seeking summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action, and we therefore modify the order accordingly.

We reject the contention of defendants that the court erred in denying that part of their cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action. Defendants failed to meet their initial burden of establishing that the regulations upon which that cause of action is premised, as set forth in plaintiff's bill of particulars, are not applicable or that any alleged breach thereof did not cause or contribute to the accident (see Piazza v Frank L. Ciminelli Constr. Co., Inc., 2 AD3d 1345, 1349 [2003]).

We agree with defendants, however, that the court erred in denying that part of their cross motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action, and we therefore further modify the order accordingly. Labor Law § 240 (1) is applicable where there are risks related to elevation differentials, and "the proper erection, construction, placement or operation of one or more devices of the sort listed in [the statute] would allegedly have prevented the injury" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991] [internal quotation marks omitted]). "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). According to plaintiff, he was injured while attempting to prevent himself from falling based on defendants' failure to provide adequate safety devices. Plaintiff's deposition testimony, however, establishes that plaintiff was not injured while attempting to prevent himself from falling, and that a safety device would not have prevented his injury (see generally Rocovich, 78 NY2d at 514; Milligan v Allied Bldrs., Inc., 34 AD3d 1268 [2006]). Plaintiff did not recall losing his balance, and he testified that he did not let go of the truss because there were people below him. Thus, plaintiff would have sustained his injury even if he was using a safety device to protect him from falling. Moreover, "plaintiff's alleged injury did not flow from the application of the force of gravity" (Favreau v Barnett & Barnett, LLC, 47 AD3d 996, 997 [2008]; see Ross, 81 NY2d at 501). Present— Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.