| |
|---|
| **Veliu v Verizon N.Y. Inc.** |
| 2025 NY Slip Op 31221(U) |
| April 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150918/2023 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. LISA S. HEADLEY                          PART            28

                                                      _Justice_

-----------------------------------------------------------------X

IMBERSON VELIU,

                             Plaintiff,

                   - v -

VERIZON NEW YORK INC.,

                            Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150918/2023 |
| MOTION DATE | 10/22/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77

were read on this motion to/for                     JUDGMENT - SUMMARY

## _Background_

The plaintiff, Imberson Veliu, ("Plaintiff"), was employed as a "pitman" by non-party and sub-contractor, Granite Avenue Utility Corporation (also known as De-Bar contracting Inc.) ("Granite"). Defendant, Verizon New York Inc., ("Defendant") hired Granite to perform construction and excavation work at the roadway in front of the premises located at 400 Forest Avenue, Staten Island, New York ("worksite"). In this personal injury action, the plaintiff alleges that on September 20, 2022, he was working as a pitman in a trench that was approximately three feet below street level to monitor the backhoe's mechanical bucket while it was digging the trench. The plaintiff alleges that the bucket was hoisting and lifting the curb about six to eight feet above the ground when an unsecured heavy section of the curb, weighing about 150 pounds, rolled off the bucket and landed in the trench injuring the plaintiff's left leg and ankle. _(NYSCEF Doc. No. 27)._

In the complaint, the plaintiff asserts that the defendant violated _Labor Law §§ 200; 240(1); 241(6);_ and _N.Y. Industrial Codes,_ including, but not limited to, _12 NYCRR §§ 23-1.7(a)(1) and (a)(2); 23-2.1(a)(1) and (a)(2); 23-2.3; 23-6.1; 23-6.2; and 23-9.2._ The defendant filed an Answer to the Complaint, and asserts affirmative defenses, including that the acts and/or omissions of the plaintiff were the sole proximate cause of the subject accident. _(NYSCEF Doc. No. 29)._

## _Plaintiff's Motion for Summary Judgment_

Before the Court is the plaintiff's motion for summary judgment on the issue of the defendant's liability as to the _Labor Law §240(1)_ and _§241(6)_ claims. _(NYSCEF Doc. Nos. 26-42)._ The defendant filed opposition to the motion. _(See, NYSCEF Doc. No. 51-58)._ Plaintiff filed a reply. _(NYSCEF Doc. No. 67-77)._

*Labor Law §240(1)*

Labor Law § 240(1), also known as "New York's Scaffold Law" imposes "absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker." *See, Wilinski v. 334 E. 92nd Hous. Dev. Fund. Corp.*, 18 N.Y.3d 1, 7 (2011). The Scaffold law states:

> "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." *See, N.Y. Labor Law § 240(1)*.

The duty imposed by *Labor Law §240(1)* is nondelegable, meaning that an owner or contractor who violates this duty can be held liable for damages, regardless of whether they exercised actual supervision or control over the work. *See, e.g., Haimes v. New York Tel. Co.*, 46 N.Y.2d 132, 136—137 (1978). With respect to a falling object, *Labor Law §240 (1)* applies where the falling of an object is related to "a significant risk inherent in ... the relative elevation ... at which materials or loads must be positioned or secured." *Rocovich v. Consolidated Edison Co.*, 78 N.Y.2d 509, 514 (1991). In assessing liability under *New York's Scaffold Law*, the legislative intent behind *Labor Law § 240(1)* is to ensure that appropriate safety measures are in place, regardless of logistical challenges or inherent danger. *See, e.g. Rocovich v. Consolidated Edison Co.*, 78 N.Y.2d 509, 514 (1991).

To prevail on a *Labor Law § 240(1)* claim, the plaintiff must establish that the violation of the statute was a proximate cause of his or her injuries. *Blake v. Neighborhood Hous. Servs. of New York City, Inc.*, 1 N.Y.3d 280, 286 (2003). Liability under the Scaffolding Law depends upon the injury having resulted from "the failure to use, or the inadequacy of ... a device" within the purview of the statute. *Ortiz v. Varsity Holdings, LLC*, 18 N.Y.3d 335, 340 (2011) (internal quotation marks omitted). Furthermore, when two conflicting versions of an event are presented, and under either version, safety devices are either absent or inadequate to protect the plaintiff, the existence of such conflicting accounts does not create an issue of material fact sufficient to preclude summary judgment. *See, Inculano v. City of New York*, 214 A.D.3d 535 (1st Dep't 2023).

Here, the question of paramount importance is whether there were adequate safety devices to protect the plaintiff. The plaintiff submits his deposition testimony where he attests that at the time of the incident he was working in the trench about three feet below street level directing a Granite operated backhoe to dig a trench for new Verizon PVC pipes, wires and cable installation. (*See, NYSCEF Doc. No. 33, Exhibit F*). Plaintiff attests that while in the trench the backhoe's bucket hoisted a large piece of concrete curb material, that was unsecured, about three to four feet

[* 2]

above street level and the heavy section of the unsecured concrete curb rolled off the backhoe's bucket and fell about six to seven feet down into the trench and landed on Plaintiff's leg and ankle. *(Id.)*

In opposition, the defendant submits the affidavit of Michael Castellano ("Mr. Castellano"), who was a witness to the subject accident. Mr. Castellano worked as the backhoe operator for Granite, and attests that the "plaintiff's accident occurred when a piece of concrete curb overlay became detached from the underlying curb and sidewalk as part of the excavation work taking place[.]" *(See, NYSCEF Doc No. 57, Exhibit E).* Mr. Castellano also attests that the "curb slid into the trench where plaintiff was standing [and that Mr. Castellano] was approximately 20 to 25 feet away from plaintiff." *(Id).* However, Mr. Castellano claims "at no point did my backhoe bucket hoist any unsecured piece of concrete curb material into the air . . . at no point did any piece of concrete curb roll off my backhoe bucket and fall into trench . . . I did not have any piece of unsecured concrete curb in my backhoe bucket at any time." *Id.*

Here, this Court finds that although there are two conflicting versions of how the accident occurred, under either version, safety devices were either absent or inadequate to protect the plaintiff. Defendant's own witness, Mr. Castellano asserted that the slab of concrete that fell on plaintiff became detached from the underlying curb and sidewalk as part of the excavation." *Id.* In this instance, the existence of such conflicting accounts does not create an issue of material fact sufficient to preclude summary judgment. *See, Iuculano v. City of New York,* 214 A.D.3d 535 (1st Dep't 2023). Thus, this Court finds that the plaintiff's motion for summary judgment as to the defendant's liability on the issue of *Labor Law §240(1)* is granted

### Labor Law §241(6)

The provision, *Labor Law §241(6),* requires owners and contractors to provide reasonable and adequate protection and safety for construction workers. *Labor Law §241(6); see e.g., Gervasi v. FSP 787 Seventh LLC,* 228 A.D.3d 459 (1st Dep't 2024). Specifically, the statute "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed." *Ochoa v. JEM Real Estate Co., LLC,* 223 A.D.3d 747, 749 (2d Dep't 2024). "As a predicate to a section 241(6) cause of action, a plaintiff must allege a violation of a concrete specification promulgated by the Commissioner of the Department of Labor in the Industrial Code." *(See, Perez v. 286 Scholes St. Corp.,* 134 AD3d 1085, 1086 (2d Dep't 2015) [internal citations omitted]. Here, the plaintiff argues that *Labor Law §241(6)* applies because the defendants violated two Industrial Code regulations, *12 NYCRR §23-9.4(e)(1) and (2).*

The provisions, *12 NYCRR §23-9.4(e)(1) and (2)* provide that:

(1) any load handled by such equipment shall be suspended from the bucket or bucket arm by means of wire rope having a safety factor of four.

(2) such wire rope shall be connected by means of either a closed shackle or a safety hook capable of holding at least four times the intended load.

*12 NYCRR §23-9.4.*

[* 3]

In the motion, the plaintiff seeks to supplement the Bill of Particulars by including the violation of Industrial codes, *12 NYCRR §23-9.4(e)(1)* and *(2)*, and the plaintiff argues that the inclusion of such provisions is appropriate because the "Plaintiff's Complaint, Bill of Particulars and deposition testimony, as detailed in our Statement of Facts,...fully apprised defendant Verizon of this basis of its liability." The plaintiff argues that the Court freely grants leave to amend or supplement pleadings. *See, Adams v. Jamaica Hospital,* 258 A.D.2d 604 (1st Dep't 1999). Plaintiff contends that "no new facts alleged are needed to make out a violation of this Code provision." Specfically, the allegations remain unchanged that while performing construction and excavation work, plaintiff was struck by unsecured elevated and falling heavy concrete curb material that was being hoisted by construction and excavation equipment. Therefore, the plaintiff argues that defendant Verizon will not be prejudiced for the inclusion of the above referenced Industrial code violations.

In support of the motion, the plaintiff argues that the defendant failed to provide safe use of the backhoe, or to provide other devices as dictated by the statute to secure the elevated concrete curb. (*See, NYSCEF Doc. No. 42*). Plaintiff submits his deposition testimony where he attests that his injuries were caused by "the unsecured large piece of concrete curb material falling from the backhoe bucket from an elevated height of 6-7 feet, striking Mr. Veliu on his leg and ankle." (*Id.; see also, NYSCEF Doc. No. 33, the plaintiff's EBT at 43, 47, 51 and 52*).

In opposition, the defendant argues, *inter alia,* there are multiple questions of fact as to how the accident occurred, thus, a dispositive conclusion cannot be reached on this motion as to whether *12 NYCRR 23-9.4(e)(1)* and *12 NYCRR 23-9.4(e)(2)* apply here and/or whether they are the proximate cause of the accident. (*See, NYSCEF Doc. No. 51*). The defendant argues that the plaintiff's co-workers dispute that the accident had anything to do with materials falling overhead from a backhoe. The defendant submits the affidavit of Michael Castellano, the operator of the backhoe, who witnessed plaintiff's accident. Mr. Castellano attests that "plaintiff was standing in a trench that was approximately 24 inches deep at the time of the accident. While standing in the trench, plaintiff turned halfway around to face behind him when a portion of the concrete curb overlay detached from the underlying curb and slid into the trench where the plaintiff was standing. The piece of curb overlay was approximately 4 inches tall by 4 inches wide by 6 feet long. At no point did Mr. Castellano, as the operator of the backhoe, hoist any unsecured portion of the curb into the air; at no point did any piece of curb roll off of his backhoe bucket and fall into the trench; at no point did he have any piece of unsecured curb in his backhoe bucket; and, at no point was his backhoe bucket ever directly over the plaintiff." (*See, NYSCEF Doc. No. 51 and 57*).

In addition, the defendant submits the affidavit of Jason Barrata, the co-owner of plaintiff's employer, who attests that he was present at the jobsite on the evening of plaintiff's accident. (*See, NYSCEF Doc. No. 58*). Mr. Barrata attests that "on the evening of plaintiff's accident, plaintiff's employer provided an adequate supply of bracing lumber, and the plaintiff had in fact directed several of his co-workers to brace portions of the trench with that lumber that had already been excavated." (*See, NYSCEF Doc. Nos. 51 and 58*). Furthermore, the defendant claims that the

**150918/2023   VELIU, IMBERSON vs. VERIZON NEW YORK INC.**
**Motion No. 001**

Page 4 of 5

4 of 5

photographs submitted in the plaintiff's motion papers show the worksite in varying form and condition. (*See, NYSCEF Doc. No. 36 and 39*).

First, the Court, within its discretion would permit plaintiff to supplement the Bill of Particulars by including the violation of Industrial codes, *12 NYCRR §23-9.4(e)(1) and (2)*. Here, the defendant's opposition papers do not oppose this request, and no prejudice has been shown. (*See, NYSCEF Doc. No. 51*).

Furthermore, this Court finds that the defendant raised triable issues of fact as to whether the alleged industrial code violations of *12 NYCRR §23-9.4(e)(1) and (2)* in relation to the backhoe use was a proximate cause of the injury. *See. Padilla v. Frances Schervier Hous. Dev. Fund. Corp.,* 303 A.D.2d 194, 196 (1st Dep't 2003). Plaintiff asserts he was caused to be injured by materials falling overhead from a backhoe, however Mr. Castellano's affidavit attests, *inter alia*, he operated the backhoe 20 to 25 feet away from plaintiff, and at no point did he have any piece of unsecured curb in his backhoe bucket; and, at no point was his backhoe bucket ever directly over the plaintiff." (*See, NYSCEF Doc. No. 51 and 57*). Here, there are issues of fact regarding the proximate cause of the accident, thus the portion of Plaintiff's motion for summary judgment as to *Labor Law §241(6)* is denied. *Padilla v. Frances Schervier Hous. Dev. Fund. Corp., supra* at 198.

Accordingly, it is hereby

**ORDERED** the portion of the plaintiff's motion for summary judgment on the issue of the defendant's liability as to the *Labor Law §240(1)* is GRANTED; and it is further

**ORDERED** the portion of the plaintiff's motion for summary judgment on the issue of the defendant's liability as to the *Labor Law §241(6)* is DENIED; and it is further

**ORDERED** that Plaintiff's request to supplement the Bill of Particulars by including the violation of Industrial codes, *12 NYCRR §23-9.4(e)(1) and (2)*, is GRANTED; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, plaintiff shall serve a copy of this Decision/Order upon the defendant with notice of entry.

This constitutes the Decision and Order of the Court.

| 4/11/2025 | | LISA S. HEADLEY, J.S.C. |
| DATE | | |

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | X | GRANTED IN PART | OTHER |

APPLICATION: SETTLE ORDER / SUBMIT ORDER

CHECK IF APPROPRIATE: INCLUDES TRANSFER/REASSIGN / FIDUCIARY APPOINTMENT / REFERENCE

150918/2023  VELIU, IMBERSON vs. VERIZON NEW YORK INC.
Motion No. 001

Page 5 of 5