[828 NE2d 614, 795 NYS2d 511]

ARLENE TOEFER et al., as Coguardians of ERIC CASEY, Appellants, v LONG ISLAND RAIL ROAD, Respondent and Third-Party Plaintiff. JANA CONSTRUCTION CO., INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (And a Fourth-Party Action.)

ROBERT V. MARVIN et al., Appellants, v KOREAN AIR INC. et al., Respondents, et al., Defendant.

Argued February 15, 2005; decided April 5, 2005

**POINTS OF COUNSEL**

*Sacks and Sacks, LLP,* New York City (*Scott N. Singer, Kenneth Sacks* and *Daniel Weir* of counsel), for appellants in the

first above-entitled action. I. Insofar as the facts established that the accident occurred because of defendant's failure to furnish proper hoists, guardrails and safety devices, the Appellate Division erred in dismissing plaintiff's complaint. (*Quigley v Thatcher*, 207 NY 66; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Koenig v Patrick Constr. Corp.*, 298 NY 313; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Bland v Manocherian*, 66 NY2d 452; *Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Panek v County of Albany*, 99 NY2d 452; *Watson v Hudson Val. Farms*, 276 AD2d 1004; *Moran v Corporate Prop. Invs.*, 251 AD2d 558.) II. Upon the undisputed proof that hoists, guardrails and safety equipment were not provided, plaintiffs are entitled to judgment for all injuries proximately caused. (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Brant v Republic Steel Corp.*, 91 AD2d 841; *Phillips v Flintkote Co.*, 89 AD2d 724; *Rea v Elia Bldg. Co.*, 79 AD2d 1102; *Duda v Rouse Constr. Corp.*, 32 NY2d 405; *Joyce v Rumsey Realty Corp.*, 17 NY2d 118; *Heath v Soloff Constr.*, 107 AD2d 507; *Hagins v State of New York*, 81 NY2d 921; *Klapa v O&Y Liberty Plaza Co.*, 218 AD2d 635; *Boice v Jegarmont Realty Corp.*, 204 AD2d 674.) III. The IAS court erred in dismissing plaintiffs' claim under Labor Law § 241 (6). (*Rizzuto v Wenger Contr. Co.*, 91 NY2d 343; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Wood v Lucy, Lady Duff-Gordon*, 222 NY 88.)

*Cerussi & Spring*, White Plains (*Peter Riggs, Ronald G. Crispi* and *David C. Zegarelli* of counsel), for respondent in the first above-entitled action. I. As the unloading of the flatbed truck did not present an extraordinary elevation-related hazard within the scope of Labor Law § 240 (1), plaintiffs' Labor Law § 240 (1) claim was properly dismissed. (*Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526; *Martinez v City of New York*, 93 NY2d 322; *Karaktin v Gordon Hillside Corp.*, 143 AD2d 637; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280; *Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46; *Groves v Land's End Hous. Co.*, 80 NY2d 978; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259; *Misseritti v Mark IV Constr.*, 86 NY2d 487; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841.) II. Eric Casey's injuries were not proximately caused by a violation of Labor Law § 240 (1). (*Felker v Corning Inc.*, 90 NY2d 219; *Weininger v Hagedorn & Co.*, 91 NY2d 958; *Duda v Rouse Constr. Corp.*, 32 NY2d 405; *Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Dilluvio v City of New York*, 95 NY2d 928.) III. Even if Labor Law § 240 (1) ap-

plies, plaintiffs are not entitled to partial summary judgment. (*Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280; *Beesimer v Albany Ave./Rte. 9 Realty,* 216 AD2d 853; *Alava v City of New York,* 246 AD2d 614.) IV. Plaintiffs' Labor Law § 241 (6) cause of action, predicated on alleged violations of subparts 23-6 and 23-8 of the Industrial Code (12 NYCRR), was properly dismissed. (*Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *Cardenas v American Ref-Fuel Co. of Hempstead,* 244 AD2d 377; *Herman v Lancaster Homes,* 145 AD2d 926; *Kaczmarek v Bethlehem Steel Corp.,* 884 F Supp 768; *Violette v Armonk Assoc., L.P.,* 849 F Supp 923; *Soles v Eastman Kodak Co.,* 162 Misc 2d 406, 216 AD2d 973; *Flihan v Cornell Univ.,* 280 AD2d 994; *Smith v Homart Dev. Co.,* 237 AD2d 77; *Aloi v Structure-Tone, Inc.,* 2 AD3d 375; *Hasty v Solvay Mill Ltd. Partnership,* 306 AD2d 892.)

*Montfort, Healy, McGuire & Salley,* Garden City (*Michael A. Baranowicz* and *Donald S. Neumann, Jr.* of counsel), for Jana Construction Co., Inc., third-party defendant-respondent in the first above-entitled action. I. The Appellate Division correctly determined that the task of unloading a flatbed truck is not an elevation-related risk simply because there is a difference in elevation between the ground and the truck bed. (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Groves v Land's End Hous. Co.,* 80 NY2d 978; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259; *Nieves v Five Boro A.C. & Refrig. Corp.,* 93 NY2d 914; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Dilluvio v City of New York,* 264 AD2d 115, 95 NY2d 928; *Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Melo v Consolidated Edison Co. of N.Y.,* 92 NY2d 909; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Bond v York Hunter Constr.,* 95 NY2d 883.) II. Unloading a flatbed truck under the circumstances present herein is not a covered activity. (*Prats v Port Auth. of N.Y. & N.J.,* 100 NY2d 878; *Panek v County of Albany,* 99 NY2d 452; *Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Groves v Land's End Hous. Co.,* 80 NY2d 978; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Amo v Little Rapids Corp.,* 268 AD2d 712; *Joblon v Solow,* 91 NY2d 457; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259.) III. There can be no claim premised on a falling object when the item was deliberately dropped. (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259; *Bailey v Young Men's Christian Assn. of Capital Dist.,* 267 AD2d 642; *Roberts v General Elec. Co.,* 97 NY2d 737; *Corey v Gorick Constr. Co.,* 271 AD2d 911; *Isabell v U.W. Marx, Inc.,* 299 AD2d 701; *Belcastro v*

*Hewlett-Woodmere Union Free School Dist. No. 14,* 286 AD2d 744; *Matter of Fischer v State of New York,* 291 AD2d 815; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Fegundes v New York Tel. Co.,* 285 AD2d 526.) IV. The Industrial Code rules relied on by plaintiffs do not require use of a mobile crane or chain hoist. (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *Francis v Aluminum Co. of Am.,* 240 AD2d 985; *McCole v City of New York,* 221 AD2d 605; *Rice v Board of Educ. of City of N.Y.,* 302 AD2d 578; *Jacome v State of New York,* 266 AD2d 345; *Hasty v Solvay Mill Ltd. Partnership,* 306 AD2d 892; *Lawyer v Hoffman,* 275 AD2d 541; *McGrath v Lake Tree Vil. Assoc.,* 216 AD2d 877; *Ares v State of New York,* 80 NY2d 959.)

*Faust Goetz Schenker & Blee LLP,* New York City (*Erika C. Aljens* of counsel), for Harris-Camden Terminal Company, third-party defendant-respondent in the first above-entitled action. I. The Appellate Division decision dated September 29, 2003 should be affirmed because plaintiffs' ward was not exposed to an elevation-related risk, there was no failure of safety equipment and he was not struck by an improperly hoisted object. II. The lower court decision should also be affirmed because the accident came about solely due to the negligence of a coemployee of the injured ward in the use of a motor vehicle. (*Heritage v Van Patten,* 59 NY2d 1017; *Macchirole v Giamboi,* 97 NY2d 147; *Naso v Lafata,* 4 NY2d 585; *Rauch v Jones,* 4 NY2d 592; *Rose v Gelco Corp.,* 261 AD2d 381; *Chiriboga v Ebrahimoff,* 281 AD2d 353; *Black v Consolidated Freightways Corp. of Del.,* 219 F Supp 2d 243; *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290.) III. In the alternative, if the decision of the Appellate Division is reversed, this matter should be remanded back to the Appellate Division for a determination of the validity of the order granting leave to amend the third-party complaint. (*Ziecker v Town of Orchard Park,* 75 NY2d 761.)

*Fiedelman & McGaw,* Jericho (*Jeanne A. Cygan, Andrew Zajac, Dawn C. DeSimone, Elizabeth Anne Bannon* and *Rona L. Platt* of counsel), for Defense Association of New York, Inc., amicus curiae in the first above-entitled action. I. Manually loading or off loading beams from the bed of a flatbed truck is not the type of "special hazard" entitling plaintiffs' ward to the extraordinary protection of Labor Law § 240 (1). (*Ross v Curtis-*

*Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259; *Phelan v State of New York*, 238 AD2d 882; *Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841; *Cabezas v Consolidated Edison*, 296 AD2d 522; *Klimowicz v Furer*, 246 AD2d 330; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841; *Tillman v Triou's Custom Homes*, 253 AD2d 254; *Corey v Gorick Constr. Co.*, 271 AD2d 911.) II. Inasmuch as the alleged dangerous condition arose from the contractor's methods, and Long Island Rail Road exercised no supervisory control over the operation, liability may not attach under Labor Law § 200. (*Russin v Picciano & Son*, 54 NY2d 311; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876.)

*Powers & Santola, LLP,* Albany (*Michael J. Hutter* of counsel), and *Christopher S. Olson*, Huntington, for appellants in the second above-entitled action. I. Plaintiff has established as a matter of law a violation of Labor Law § 240 (1). (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280; *Joblon v Solow*, 91 NY2d 457; *Panek v County of Albany*, 99 NY2d 452; *Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Groves v Land's End Hous. Co.*, 80 NY2d 978; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509; *Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974; *Felker v Corning Inc.*, 90 NY2d 219.) II. Plaintiff has established as a matter of law that the violation of Labor Law § 240 (1) by defendants was a proximate cause of his injuries. (*Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Serpe v Eyris Prods.*, 243 AD2d 375; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Laquidara v HRH Constr. Corp.*, 283 AD2d 169; *Sherman v Piotrowski Bldrs.*, 229 AD2d 959; *Noble v AMCC Corp.*, 277 AD2d 20; *Gontarzewski v City of New York*, 257 AD2d 394; *Musselman v Gaetano Constr. Corp.*, 277 AD2d 691; *Tate v Clancy-Cullen Stor. Co.*, 171 AD2d 292; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280.)

*Ahmuty, Demers & McManus*, Albertson (*Brendan T. Fitzpatrick* of counsel), for respondents in the second above-entitled action. Plaintiff's incident did not fall under the protection of Labor Law § 240 and it was correctly dismissed. (*Bond v York Hunter Constr.*, 95 NY2d 883; *Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259; *Martinez v City of New York*, 93 NY2d 322; *Perchinsky v State of New York*, 232 AD2d 34; *Rocovich v Consolidated Edi-*

*son Co.*, 78 NY2d 509; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487; *Dilluvio v City of New York*, 95 NY2d 928; *Tillman v Triou's Custom House*, 253 AD2d 254.)

## OPINION OF THE COURT

R.S. SMITH, J.

We decide in these cases that workers who fall when working on, or getting down from, the surface of a flatbed truck that is between four and five feet off the ground may not recover under Labor Law § 240 (1), because their injuries did not result from the sort of "elevation-related risk" that is essential to a cause of action under that section.

### Facts and Procedural History

*A. Toefer v Long Island Rail Road*

*Toefer* is brought by the guardians of Eric Casey, who suffered a disastrous accident while working on the rehabilitation of a Long Island Rail Road bridge. Casey and another man were assigned to unload large steel, lattice-type beams from a flatbed truck. They stood on the surface of the truck's trailer, some four feet above the ground, inserted eight-foot wooden poles into the beams, and pried the beams off by using the poles as levers. When the beams fell to the ground, the levers fell with them.

Casey and his coworker pushed one beam off the truck without incident. When the next beam was unloaded, a wooden lever, for some reason that has not been explained, flew back at Casey with enormous force, striking him on the head and propelling him backwards, over the beams behind him that had not yet been unloaded, to the ground on the other side of the truck. He became a paraplegic as a result.

Casey's guardians sued the Long Island Rail Road, alleging among other things violations of Labor Law § 240 (1) and § 241 (6). The railroad claimed over against Casey's employer, which in turn impleaded several other parties. On a motion and cross motions for summary judgment, Supreme Court dismissed all plaintiffs' claims except those arising under Labor Law § 240 (1). The Appellate Division modified that ruling by ordering all of plaintiffs' claims dismissed. We granted plaintiffs' motion for leave to appeal, and now affirm.

B. *Marvin v Korean Air Inc.*

Robert Marvin was employed by a siding subcontractor that was working on the construction of a cargo building for Korean Air Inc. at Kennedy Airport. Some paneling material was brought to the construction site on a flatbed truck; the trailer of the truck was between four and five feet off the ground. Marvin was assigned to cut the steel straps that secured the material to the truck. No ladder was present. Marvin climbed up on the truck and performed his task. When he was finished, he crouched and began to step off the truck, but his foot became tangled in a safety harness he was wearing and he fell, breaking his ankle.

Marvin and his wife sued Korean Air and several other defendants, alleging among other things a violation of Labor Law § 240 (1). Supreme Court dismissed all plaintiffs' claims, and the Appellate Division affirmed. We granted plaintiffs' motion for leave to appeal, and now affirm.

Discussion

In this Court, plaintiffs in both *Toefer* and *Marvin* seek reinstatement of their claims under Labor Law § 240 (1). Plaintiffs in *Toefer* also seek reinstatement of their Labor Law § 241 (6) claim. We conclude that both the section 240 (1) claims and the section 241 (6) claim were properly dismissed.

A. Labor Law § 240 (1)

Labor Law § 240 (1) provides in pertinent part:

> "All contractors and owners and their agents, . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

In *Rocovich v Consolidated Edison Co.* (78 NY2d 509 [1991]), we discussed the occupational hazards against which this statute was directed. We pointed out that, while the hazards themselves are not spelled out in the statute, they can be inferred from the "protective means" set forth in the statute "for the hazards' avoidance"—scaffolding, hoists, stays, ladders and so forth (*id.* at 513). We explained:

"The various tasks in which these devices are customarily needed or employed share a common characteristic. All entail a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured. The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured. It is because of the special hazards in having to work in these circumstances, we believe, that the Legislature has seen fit to give the worker the exceptional protection that section 240 (1) provides." (*Id.* at 514.)

Applying this reasoning in *Rocovich*, we held that a worker who had been injured when he slipped into a 12-inch-deep trough carrying a stream of hot oil had not suffered injury from an elevation-related risk, and so was not within the protection of the statute.

The above-quoted language from *Rocovich* identifies two distinct sources of elevation-related risk: "the relative elevation at which the task must be performed" and the elevation "at which materials or loads must be positioned or secured." In *Narducci v Manhasset Bay Assoc.* (96 NY2d 259, 267 [2001]), we described cases involving these risks as "falling worker" and "falling object" cases respectively. But, as we said in *Narducci*, "[n]ot every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240 (1)" (*id.*). In some cases involving falls of workers and objects, we have held that where a plaintiff "was exposed to the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)," the plaintiff cannot recover under the statute (*Rodriguez v Margaret Tietz Ctr. for Nursing Care, Inc.*, 84 NY2d 841, 843 [1994]).

We have previously decided two Labor Law § 240 (1) cases involving falls from trucks—though not flatbed trucks—in which we held that the elevation-related risks contemplated by the statute were not present. In *Bond v York Hunter Constr.* (95

NY2d 883 [2000]) we denied recovery to a worker who, getting down from the cab of a construction vehicle, placed his foot on the vehicle's track to use it as a step, slipped and fell three feet to the ground. We held as a matter of law that "the risk of alighting from [a] construction vehicle was not an elevation-related risk which calls for any of the protective devices of the types listed in Labor Law § 240 (1)" (*id.* at 884-885 [citation omitted]). In *Dilluvio v City of New York* (95 NY2d 928 [2000]), we reached a similar result where the plaintiff fell some three feet from the back of a pickup truck in which he was riding. The Appellate Division has decided several cases involving flatbed trucks under Labor Law § 240 (1). The results in these cases vary, but most find elevation-related risk to be absent, as do both of the Appellate Division decisions now before us (*see e.g. Tillman v Triou's Custom Homes, Inc.,* 253 AD2d 254 [4th Dept 1999]; *Cabezas v Consolidated Edison,* 296 AD2d 522 [2d Dept 2002]; *but see e.g. Monroe v Bardin,* 249 AD2d 650 [3d Dept 1998]; *Orr v David Christa Constr., Inc.,* 206 AD2d 881 [4th Dept 1994]).

We conclude that the flatbed trucks in these two cases, like the trucks in *Bond* and *Dilluvio,* did not present the kind of elevation-related risk that the statute contemplates.

In *Toefer,* Casey was working on a large and stable surface only four feet from the ground. That is not a situation that calls for the use of a device like those listed in section 240 (1) to prevent a worker from falling. Plaintiffs in *Toefer* argue that a hoist, which is one of the devices listed in the statute, should have been used instead of wooden poles to lower the beams from the truck, but this argument misconceives the issue. Labor Law § 240 (1) is arguably implicated in this case only because Casey fell from the truck's trailer to the ground. The purpose of a hoist here would not have been to prevent Casey from falling; it would have been to prevent the beams themselves from doing damage. But Casey was not injured by a beam, or by any falling object; the object that struck him inexplicably flew at him either upwards or horizontally. His injury, horrendous as it is, is not attributable to the sort of elevation-related risk that Labor Law § 240 (1) was meant to address.

The same is true of Marvin's less serious injury. A four-to-five-foot descent from a flatbed trailer or similar surface does not present the sort of elevation-related risk that triggers Labor Law § 240 (1)'s coverage. Safety devices of the kind listed in the statute are normally associated with more dangerous activity

than a worker's getting down from the back of a truck. Obviously, the distance between the work platform and the ground is relevant; no one would expect a worker to come down without a ladder or other safety device from a work platform that was 10 feet high. But the lesser distance Marvin had to travel, considering the nature of the platform he was departing from, was not enough to make Labor Law § 240 (1) applicable.

The Appellate Division correctly dismissed the Labor Law § 240 (1) claims in both the *Toefer* and *Marvin* cases.

B. Labor Law § 241 (6)

Labor Law § 241 (6) provides:

> "All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith."

We pointed out in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 503 [1993]) that this statute "is, in a sense, a hybrid." Its first sentence, requiring "reasonable and adequate" measures, "reiterates the general common-law standard of care"; the second sentence, however, "contemplates the establishment of specific detailed rules" (*id.*). Our cases hold that the statute imposes a nondelegable duty on owners and contractors to comply with those "specific detailed rules." Thus, the statute creates a cause of action against owners and contractors, making them vicariously liable for the negligence of others whom they did not supervise, where, and only where, a "specific, positive command[ ]" (*Ross*, 81 NY2d at 503) or a "concrete specification" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350 [1998]) of a regulation promulgated by the Commissioner pursuant to the statute has been violated.

The *Toefer* plaintiffs contend that the failure to provide Casey with a mechanical hoist or a mobile crane to lower the beams from the truck violated specific provisions of the Commissioner's regulations. This contention is without merit. The

regulations on which plaintiffs rely, subparts 23-6 and 23-8 of the Industrial Code (12 NYCRR), do not require the use of hoists or cranes under any particular circumstances; rather, they provide detailed rules to be followed when hoists or cranes are used. Since no hoist or crane was used on the job involved in *Toefer*, these regulations have no application and plaintiffs' Labor Law § 241 (6) claim must fail.

### Conclusion

Accordingly, in each case the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

In each case: Order affirmed, with costs.