■ ROBERT E. KULOVANY et al., Appellants, v CERCO PRODUCTS, INC., et al., Respondents. CERCO PRODUCTS, INC., Third-Party Plaintiff, v R&R MECHANICAL, INC., Third-Party Defendant-Respondent. [809 NYS2d 48]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered October 6, 2004, which, to the extent appealed from

as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint, and denied plaintiffs' motion for partial summary judgment on their claim pursuant to Labor Law § 240 (1), unanimously affirmed, without costs.

The negligence claim against defendant Cerco, the lessor of the trailer, was properly dismissed, there being no showing that defendant and third-party plaintiff Cerco had constructive notice of the ostensibly visible defect in the floor of the construction trailer (*Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]), particularly where the trailer had been for 20 months in the possession of plaintiff's employer, which had the contractual duty to inspect it for defects. With regard to the Labor Law § 240 (1) claim, the accident (one of the injured plaintiff's legs fell through the floor of the trailer, up to his knee) cannot be considered to have resulted from an elevation-related risk (*see Toefer v Long Is. R.R.*, 4 NY3d 399 [2005]). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and McGuire, JJ.