■ REYNOLDS BROWN et al., Respondents, v NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., Defendant, and NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS et al., Appellants. (And a Third-Party Action.) [999 NYS2d 66]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 18, 2014, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

Plaintiff Reynolds Brown was working on a flatbed trailer, when he stepped into a hole on the flatbed trailer, sinking his left leg into the hole up to his hip, and sustaining injury.

Defendants demonstrated their prima facie entitlement to summary judgment dismissing plaintiffs' Labor Law § 200 claims. The uncontroverted evidence shows that defendants neither supervised nor controlled plaintiffs' work, and that they had no actual or constructive notice of the hole in the flatbed trailer which caused the accident (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]).

As for the Labor Law § 240 (1) claim, plaintiff was working on a flatbed trailer at the time of the accident and was not exposed to any gravity-related risk arising from his work (*see Kulovany v Cerco Prods., Inc.*, 26 AD3d 224, 225 [1st Dept 2006]; *Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 580 [2d Dept 2003], *lv denied* 100 NY2d 516 [2003]). Indeed, there is no

indication, in the record, as to the manner of safety device that should have been provided to plaintiff to prevent his accident.

While plaintiffs have proffered in their pleadings and bills of particulars at least a dozen specific Industrial Code violations in support of their Labor Law § 241 (6) claim, only two are contested on appeal. Accordingly, the remainder are deemed abandoned and dismissed.

Plaintiffs allege a violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1) (i), which pertains to hazardous openings. However, that regulation has been construed to apply to openings that persons can fall through in their entirety (see *Messina v City of New York*, 300 AD2d 121, 123-124 [1st Dept 2002]). Accordingly, as the hole sub judice does not meet this definition, defendants should have been granted summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim insofar as it was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1) (i).

Industrial Code (12 NYCRR) § 23-9.2 (a) pertains to "power-operated equipment." However, the flatbed trailer at issue here is not a piece of power operated equipment, and its attachment to a truck does not transform it into such (see e.g. *Tillman v Triou's Custom Homes*, 253 AD2d 254, 255, 258 [4th Dept 1999]).

As a result of plaintiff Reynolds Brown's claims being dismissed in their entirety, there is no basis for plaintiff Jennifer Brown's derivative claims. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Kapnick, JJ.