Walter v. CSX Transp., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-three.

PRESENT:
>  MICHAEL H. PARK,
>  WILLIAM J. NARDINI,
>  ALISON J. NATHAN,
>  *Circuit Judges.*

---

Alan Walter,

*Plaintiff-Appellant*,

v.                                                      22-1254

CSX Transportation, Inc.,

*Defendant-Appellee.**

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | BOYD L. EARL, LoTempio P.C. Law Group, Buffalo, NY. |
| **FOR DEFENDANT-APPELLEE:** | ANDREW J. KOWALEWSKI (Philip M. Gulisano, *on the brief*), Nash Connors, P.C., Buffalo, NY. |

---

* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Alan Walter sued Defendant CSX Transportation, Inc. ("CSX"), alleging that its failure to cover a missing plank in a lowboy trailer was negligent and violated New York Labor Law §§ 200, 240(1), and 241(6). In July 2017, Walter assisted with unloading a winch from a trailer as part of a bridge demolition project for CSX. During the unloading process, he walked on the trailer deck and held the tagline (a thick piece of rope) attached to the winch (a large, 60,000-pound spool with cable on it) as the winch was raised from the deck. While holding the tagline, Walter stepped with his right foot into a hole in the trailer deck, which hit his knee. The hole was about one foot wide and three to four feet long. The trailer deck was twelve to eighteen inches above the ground. Walter alleged that the failure to cover the hole was a safety violation under New York's Labor Law.

The district court granted CSX's motion for summary judgment. *See Walter v. CSX Transp., Inc.*, No. 19-CIV-1583, 2022 WL 1459043, at *1 (W.D.N.Y. May 9, 2022). It dismissed Walter's common-law negligence and Labor Law § 200 claims because CSX "did not have actual or constructive notice of the condition of that trailer or of its missing plank." *Id.* at *8. It granted summary judgment on the Labor Law § 240(1) claim because "work on the lowboy trailer was not an elevated-related risk that Labor Law § 240(1) was enacted to address." *Id.* at *10. And it held that Walter's Labor Law § 241(6) claim failed because "[e]ighteen inches in depth does not present a hazardous opening that would be regulated by State Industrial Code § 23-1.7(b)." *Id.* at *13. On appeal, Walter challenges the dismissal of only the § 240(1) and

§ 241(6) claims. He argues that (1) his "use of the trailer bed was the functional equivalent of a scaffold or platform" and thus covered by Labor Law § 240(1) and (2) the hole in the trailer deck was a "hazardous opening" within the meaning of N.Y. Comp. Codes R. & Regs. tit. 12, § 23-1.7(b) because it was "big enough for a person to fall through it." Appellant's Br. at 11, 20. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of that party." *Tompkins v. Metro-N. Commuter R.R. Co.*, 983 F.3d 74, 78 (2d Cir. 2020) (cleaned up).

**I.      New York Labor Law § 240(1) Claim**

Walter's argument that he was "required to be elevated while maneuvering the winch with the tagline," Appellant's Br. at 9, is meritless. New York Labor Law § 240(1) imposes liability on "contractors and owners and their agents" for failure to "furnish or erect" safety devices for persons engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." N.Y. Lab. Law § 240(1). "The burden of showing that an elevation-related risk exists, and that the owner or contractor did not provide adequate safety devices falls upon the plaintiff." *McNeight v. Railcar Custom Leasing, LLC*, 345 F. App'x 612, 614 (2d Cir. 2009) (quoting *Broggy v. Rockefeller Grp., Inc.*, 870 N.E.2d 1144, 1147 (N.Y. 2007)).

Here, there was no "significant risk inherent in the particular task because of the relative elevation at which the task must be performed." *Rocovich v. Consol. Edison Co.*, 583 N.E.2d 932, 934 (N.Y. 1991). New York courts have held that Labor Law § 240(1) does not apply to a "plaintiff . . . working on a flatbed trailer" if he "was not exposed to any gravity-related risk arising

3

from his work." *Brown v. N.Y. Presbyterian Healthcare Sys., Inc.*, 123 A.D.3d 612, 612 (1st Dep't 2014); *see also Toefer v. Long Island R.R.*, 828 N.E.2d 614, 618 (N.Y. 2005) ("A four-to-five-foot descent from a flatbed trailer or similar surface does not present the sort of elevation-related risk that triggers Labor Law § 240(1)'s coverage."). "The task of unloading a truck is not an elevation-related risk simply because there is a difference in elevation between the ground and the truck bed." *Rice v. Bd. of Educ. of City of N.Y.*, 302 A.D.2d 578, 580 (2d Dep't 2003); *see also Kulovany v. Cerco Prods., Inc.*, 26 A.D.3d 224, 225 (1st Dep't 2006) (holding Labor Law § 240(1) inapplicable to accident in which "one of the injured plaintiff's legs fell through the floor of the trailer, up to his knee"). Walter's injury did not result from an elevation-related risk. There is nothing in the record indicating that he was *required* to stand on a trailer deck to hold the tagline during the unloading process. Walter has thus failed to carry his "burden of showing that an elevation-related risk exist[ed]," *McNeight*, 345 F. App'x at 614, and we affirm the district court's grant of summary judgment to CSX on the Labor Law § 240(1) claim.

## II. New York Labor Law § 241(6) Claim

Walter's argument that the hole in the trailer deck was a "hazardous opening" under N.Y. Comp. Codes R. & Regs. tit. 12, § 23-1.7(b) is also meritless. New York Labor Law § 241(6) requires the provision of "reasonable and adequate protection and safety" in "areas in which construction, excavation or demolition work is being performed." N.Y. Lab. Law § 241(6). "To establish liability under this section, the plaintiff must allege a violation of at least one of the implementing regulations set forth by the Commissioner of the Department of Labor." *Dwyer v. Goldman Sachs Headquarters LLC*, 819 F. Supp. 2d 320, 327 (S.D.N.Y. 2011). Section 23-1.7(b) requires "a substantial cover" or "safety railing" for "hazardous openings." N.Y. Comp. Codes R. & Regs. tit. 12, § 23-1.7(b). "[A] reading of the regulation in its entirety reveals that a

4

'hazardous opening' must be one of significant depth and size." *D'Egidio v. Frontier Ins. Co.*, 270 A.D.2d 763, 765 (1st Dep't 2000).

The parties do not dispute that the trailer deck was, at most, eighteen inches from the ground. Both federal and New York state courts have rejected Labor Law § 241(6) claims when the hole was eighteen inches from the ground. *See, e.g.*, *Dwyer*, 819 F. Supp. 2d at 327 (holding that a hole "at most two-by-two feet and eighteen-inches deep, is too small to be considered a 'hazardous opening'"); *Barillaro v. Beechwood RB Shorehaven, LLC*, 69 A.D.3d 543, 544 (2d Dep't 2010) ("[A] 1 ½ to 2 feet-deep trench is not a hazardous opening within the meaning of 12 NYCRR 23-1.7(b)(1)."). We thus affirm the district court's grant of summary judgment to CSX on Walter's Labor Law § 241(6) claim.

We have considered all of Walter's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5