Pitang v Beacon Broadway Co., LLC (2024 NY Slip Op 04749)

Pitang v Beacon Broadway Co., LLC

2024 NY Slip Op 04749

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 27350/17 Appeal No. 2654 Case No. 2023-00996 

[*1]Manguilbe Pitang, et al., Plaintiffs-Appellants-Respondents,
v
Beacon Broadway Company, LLC, et al., Defendants-Respondents-Appellants, East Side Primary Medical Care, P.C., et al., Defendants.

Beacon Broadway Company, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Skyline Restoration, Inc., Third-Party Defendant-Respondent- Appellant.

Victor M. Serby, Woodmere, for appellants-respondents.
Mauro Lilling Naparty LLP, Woodbury (Glenn A. Kaminska of counsel), for Beacon Broadway Company LLC & Beacway Operating, LLC, respondents-appellants.
Landman Corsi Ballaine & Ford P.C., New York (Gerald T. Ford of counsel), for Skyline Restoration, Inc., respondent-appellant.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 23, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on their Labor Law §§ 240(1) and 241(6) claims, granted the motion of defendants Beacon Broadway Co., LLC (Beacon) and Beacway Operating, LLC (Beacway) for summary judgment dismissing the complaint against them but denied the branch of their motion as sought summary judgment on their contractual indemnification claim against third-party defendant Skyline Restoration, Inc. (Skyline), granted Skyline's motion for summary judgment dismissing the Beacon/Beacway defendants' contractual indemnification claim and declined to consider so much of Skyline's motion for summary judgment dismissing plaintiff's complaint, unanimously modified, on law the law, to deny the branch of Skyline's motion for summary judgment dismissing Beacway's contractual indemnification claim against Skyline, grant Beacway conditional summary judgment on its claim for contractual indemnification subject to a determination as to whether plaintiff worker's accident arose out of his negligent act or omission in the performance of his employer's work, and otherwise affirmed, without costs.
Plaintiff worker's Labor Law § 240(1) claim was properly dismissed where he was injured in a four-foot fall from the flatbed area of a parked truck to the sidewalk below. Plaintiff was not exposed to the type of elevation-related risk that is essential to a cause of action under Labor Law § 240(1) (see e.g. Toefer v Long Is. R.R., 4 NY3d 399 [2005]; Dilluvio v City of New York, 95 NY2d 928 [2000]). Plaintiff lost his balance when he deliberately stood upon unsecured 2" x 4" pieces of lumber near the edge of the flatbed truck so that he could reach up and hand a soda to a fellow worker located on a sidewalk bridge. The piece of lumber unexpectedly "flipped" as plaintiff stood on it, causing him to fall. This case is distinguishable from other cases where the worker was exposed to a significant elevation differential of 10 or more feet while working from on top of stacked materials on a flatbed truck, in which circumstances safety devices of the kind enumerated in Labor Law § 240(1) were deemed warranted (see e.g. Agurto v One Boerum Dev. Partners LLC, 221 AD3d 442 [1st Dept 2023]).
Plaintiffs' Labor Law § 241(6) claim was properly dismissed where plaintiffs failed to articulate a concrete specification from the Industrial Code (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504-505 [1993]).
Beacway, a hotel operator and lessee of the property under restoration, executed a contractor's agreement with third-party defendant Skyline which included a contractual indemnification agreement that provided Skyline would indemnify Beacway for injury claims that arose from or in connection with negligent acts, errors, and omissions of a contractor, subcontractor, or anyone directly or indirectly [*2]employed by them or anyone for whose acts they may be liable. The indemnification agreement was executed the same date that a "Contractor's Insurance Requirements" document was signed by Beacway and Skyline. The "Contractor's Insurance Requirements" document also contained a broadly worded indemnification provision that was annexed as Exhibit "A" thereto and provided that Beacway is to be indemnified for liability attributable to injury "arising out of any negligent or wrongful act, error, omission, breach of any statute, code or rule or breach of contract, in connection with the operations of the contractor, its subcontractors and sub-subcontractors. . . [and further, that] [t]he foregoing indemnity shall include injury or death of any employee of the contractor, subcontractor or sub-subcontractor." The two indemnification provisions each acknowledged the existence of the other, and it was provided at section 11.1.1 of the Contractor's Agreement that the Exhibit "A" indemnification agreement would govern in the event of a conflict between the two provisions.
Here, we find there is no conflict between the two indemnification provisions as pertains to the facts of this case, as the provisions are each broadly worded in scope such to permit indemnification for liability arising due to potential negligence of plaintiff worker in the happening of the accident. There is evidence in the record to indicate that plaintiff's own negligence contributed to his accident, if not caused it. Grounds to therefore grant Beacway conditional summary judgment on its claim for contractual indemnification have been established subject to a determination as to whether plaintiff worker's accident arose out of his negligent act or omission in the performance of his employer's work as a sub-subcontractor on the restoration project (see Madkins v 22 Little W. 12th St., LLC, 191 AD3d 434 [1st Dept 2021]).
The motion court properly granted Skyline summary judgment dismissing Beacon's claim for contractual indemnification as it was not a signatory to the documents providing for contractual indemnification nor identified as a party to benefit from the indemnification terms (see Tonking v Port Auth. of N.Y. and N.J., 3 NY3d 486, 490 [2004]).
Skyline's argument that the motion court improvidently refused to consider its arguments, as a third-party, seeking summary judgment dismissal of plaintiffs' claims is moot as the motion court found plaintiffs' Labor Law claims to be unavailing.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024