■ PIETRO MAZZURCO et al., Appellants, v A.D. 1619 COMPANY et al., Respondents, et al., Defendants. A.D. 1619 COMPANY et al., Third-Party Plaintiffs-Respondents, v RED BALL INTERIOR DEMOLITION CORP. et al., Third-Party Defendants-Respondents. [688 NYS2d 527] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about February 20, 1998, which, insofar as appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff, who was injured by a light fixture that fell from the ceiling while he was engaged in the demolition of the basement level of a building, was properly denied summary judgment under Labor Law § 240 (1) on the ground that there are questions of fact as to whether the accident was the result of an elevation-related hazard as contemplated by that statute, i.e., "a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Concur—Ellerin, P. J., Rosenberger, Andrias, Saxe and Friedman, JJ.