Bejai P. Ramnath, Respondent, v Man Yun Real Estate Corporation, Defendant and Third-Party Plaintiff-Appellant. Razorfish, Inc., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [748 NYS2d 258] —Order, Supreme Court, Bronx County (Louis Benza, J.), entered May 9, 2001, which, to the extent appealed from as limited by the brief, granted plaintiff's motion for partial summary judgment as to liability upon his Labor Law § 240 (1) claim and denied defendant and third-party plaintiff Man Yun Real Estate Corporation's cross motion for summary judgment upon its claims for contractual and common-law indemnification against third-party defendant Razorfish, Inc., unanimously affirmed, without costs.

In view of the evidence establishing that plaintiff's injuries were caused by the lack of required safety devices on the scaffold from which he fell, the grant of partial summary judgment as to liability upon his Labor Law § 240 (1) claim was proper (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513). Also proper was the denial of the cross motion by premises owner Man Yun, seeking contractual and common-law indemnification from third-party defendant Razorfish, the premises lessee, to afford Razorfish an opportunity to complete discovery respecting the nature of the relationship between Man Yun and its construction contractor. Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.