Tomala-Campoverde v Trumbull Equities, LLC (2020 NY Slip Op 04420)





Tomala-Campoverde v Trumbull Equities, LLC


2020 NY Slip Op 04420


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-08741
 (Index No. 702049/12)

[*1]Cristobal Tomala-Campoverde, plaintiff-appellant-respondent,
v
Trumbull Equities, LLC, defendant, Vordonia Contracting & Supplies Corp., et al., defendants third-party plaintiffs-respondents; S & S HVAC Corp., et al., third-party defendants-respondents-appellants.


Lurie, Ilchert, MacDonnell & Ryan, LLP, New York, NY (George W. Ilchert of counsel), for plaintiff-appellant-respondent.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Denis M. Farrell of counsel), for third-party defendants-respondents-appellants.
Kennedys CMK, New York, NY (Michael R. Schneider of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals, and the third-party defendants cross-appeal, from an order of the Supreme Court, Queens County (David Elliot, J.), entered July 6, 2017. The order, insofar as appealed from, (1) granted those branches of the motion of the defendants third-party plaintiffs and the separate motion of the third-party defendants which were for summary judgment dismissing (a) the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants third-party plaintiffs, and (b) so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-2.3(c) insofar as asserted against the defendants third-party plaintiffs, and (2) denied those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability (a) on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants third-party plaintiffs, and (b) on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-2.3(c) insofar as asserted against the defendants third-party plaintiffs.
ORDERED that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants third-party plaintiffs and the separate motion of the third-party defendants which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-2.3(c) insofar as asserted against the defendants third-party plaintiffs, and substituting therefor a provision denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On August 17, 2011, the plaintiff allegedly was injured while working on the construction of a new building. At the time of the incident, the plaintiff was attempting to connect two steel beams, one of which had just been hoisted by a crane and was suspended horizontally from the beam's center. After raising the beam, the crane locked, which prevented the raised beam from moving up or down. The raised beam was at the plaintiff's chest level when he attempted to connect it to a previously installed beam, but the raised beam did not fit properly. The plaintiff, on one end of the raised beam, and another worker, on the other end of the raised beam, pushed the raised beam forward a foot to a foot-and-a-half while attempting to secure the raised beam to the installed beam. The raised beam swung back toward the plaintiff, sliding slowly along the installed beam. The plaintiff held onto another beam for support and placed his feet flat against the raised beam and pushed, in an effort to stop the beam. As he pushed, the plaintiff felt pain in his back and his neck.
The plaintiff commenced separate actions against, among others, the defendants Vordonia Contracting & Supplies Corp. and Alma Tower, LLC (hereinafter together the defendants third-party plaintiffs), asserting causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence. The defendants third-party plaintiffs each commenced separate third-party actions against the third-party defendants, S & S HVAC Corp. and City Lights Construction Corp., seeking, inter alia, contribution and indemnification. The Supreme Court consolidated the actions.
The defendants third-party plaintiffs and the third-party defendants separately moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants third-party plaintiffs. The third-party defendants also moved for summary judgment dismissing the third-party causes of action for contractual indemnification. The plaintiff cross-moved, among other things, for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action. In an order entered July 6, 2017, the Supreme Court, inter alia, granted those branches of the motion of the defendants third-party plaintiffs and the separate motion of the third-party defendants which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of actions insofar as asserted against the defendants third-party plaintiffs, denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action, and denied that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party causes of action for contractual indemnification. The plaintiff appeals.
We dismiss the cross appeal as abandoned, as the third-party defendants do not seek reversal of any portion of the order in their brief (see Roman v Emigrant Sav. Bank-Brooklyn/Queens, 111 AD3d 692, 695).
We agree with the Supreme Court's determination granting those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendants which were for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against the defendants third-party plaintiffs, and denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against the defendants third-party plaintiffs. The defendants third-party plaintiffs and the third-party defendants demonstrated their prima facie entitlement to judgment as a matter of law by showing that the plaintiff's accident was not the result of a "physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 950, 953). In opposition, the plaintiff failed to raise a triable issue of fact (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514).
However, those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendants which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on 12 NYCRR 23-2.3(c) insofar as asserted against the defendants third-party plaintiffs should have been denied. That regulation states that "[w]hile steel panels or structural steel members are being hoisted, tag lines shall be provided and used to prevent uncontrolled movement of such panels or members" (12 NYCRR 23-2.3[c]). [*2]There are triable issues of fact in this record as to whether that regulation was violated. There was conflicting evidence in the record as to whether tag lines were provided to stabilize the beam upon the hoisting of the beam. The record also contains an affidavit from the plaintiff's expert, in which he opines, "with a reasonable degree of engineering certainty," that 12 NYCRR 23-2.3(c) was violated.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court